

**SIGNED this 27 day of June, 2008.**

_____
**R. Thomas Stinnett
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:                                                                                          No. 08-10741
                                                                                                 Chapter 7

JAMES MICHAEL CLARK, JR.,
JENNIFER CLARK,

        Debtors.

Appearances:    Kimberly C. Swafford, Chattanooga, Tennessee, Attorney for Richard F.
                Clippard, United States Trustee

                Kenneth C. Rannick, Kenneth C. Rannick, P.C., Chattanooga, Tennessee,
                for James Michael Clark, Jr., and Jennifer Clark, Debtors

R. Thomas Stinnett, United States Bankruptcy Judge

**MEMORANDUM**

The United States trustee has filed a motion to dismiss the debtors' bankruptcy case as an abuse of the bankruptcy law. Section 707(b) allows any party in interest to file a motion to dismiss on the ground of abuse. 11 U.S.C. § 707(b)(1). Section 707(b) then sets out two methods

for obtaining dismissal of a case as an abuse. Section 707(b)(2) provides for dismissal when the facts create a presumption of abuse. When the presumption arises, the motion to dismiss will be granted unless the debtor introduces evidence to rebut the presumption. 11 U.S.C. § 707(b)(2). Section 707(b)(3) provides for dismissal when the party moving for dismissal proves abuse based on the totality of the circumstances. 11 U.S.C. § 707(b)(3). The U. S. trustee's motion asks for dismissal on either ground.

The debtors contend the U. S. trustee's motion must be denied because it was not filed within the 30 day period set by § 704(b). Section 704(b)(2) provides:

> (2) The United States trustee . . . shall, not later than 30 days after the date of filing a statement under paragraph (1), either file a motion to dismiss or convert under section 707(b) or file a statement setting forth the reasons the United States trustee . . . does not consider such a motion to be appropriate, if the United States trustee . . . determines that the debtor's case should be presumed to be an abuse under section 707(b) and the product of the debtor's current monthly income, multiplied by 12 is not less than—
>
> (A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner; or
>
> (B) in the case of a debtor in a household of 2 or more individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals.

11 U.S.C. § 704(b)(2). The 30 day period begins with the U. S. trustee's filing of a statement under § 704(b)(1). Section 704(b)(1) provides:

> (1) With respect to a debtor who is an individual in a case under this chapter—
>
> (A) the United States trustee . . . shall review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, file with the court a statement as to whether the debtor's case would be presumed to be an abuse under section 707(b); and
>
> (B) not later than 5 days after receiving a statement under subparagraph (A), the court shall provide a copy of the statement to all creditors.

11 U.S.C. § 704(b)(1).[1]

The debtors' argument depends on the meaning of "the date of the first meeting of creditors" in § 704(b)(1). The debtors contend it means March 14, 2008. That was the first date set for the meeting of creditors, and the meeting actually began on that date. The bankruptcy trustee continued the meeting to March 27, 2008, and concluded it then. The U. S. trustee filed a statement of presumed abuse on April 1, 2008, and filed the motion to dismiss on April 29, 2008. If the debtors' argument is correct, the U. S. trustee did not file the statement of presumed abuse or the motion to dismiss within the times allowed by § 704(b).

The U. S. trustee argues: (1) "first meeting of creditors" in § 704(b)(1) only means "meeting of creditors"; (2) the date of the meeting of creditors is unclear because the meeting was continued; (3) this problem can be avoided in all cases by holding that the date of meeting of creditors means the date the meeting was concluded; and, (4) that result fits into the statutory process because it allows ample time for the U. S. trustee to complete the review that should be done before filing the statement required by § 704(b)(1).

The arguments by both parties should be easier to understand with some legal history. Before the bankruptcy code took effect in 1979, the law provided for a *first* meeting of creditors. The statute also provided for special meetings and a final meeting after conclusion of the first meeting. 11 U.S.C. § 91 (1978); Fed. R. Bankr. P. 204 (1978); Pub. L. 95-598, 92 Stat. 2549, §§ 401 & 402 (Nov. 6, 1978). The statute may have intended the first meeting to occur once and truly be the first meeting, but the practice grew up of continuing the first meeting when necessary. 3 Lawrence P. King, et al., *Collier on Bankruptcy* ¶ 55.02 (14th ed. 1988). Since the first meeting could continue over several dates, "the date of the first meeting" would not necessarily be a clear starting for a time period set by statute or rule. The statutes and rules dealt with this problem by

---

[1] The use of "would be" in this statute is puzzling. Can the debtor prevent dismissal by showing that the materials reviewed by the U. S. trustee actually did not give rise to the presumption?

setting time periods from the first date set for the first meeting of creditors. 11 U.S.C. §§ 32(b)(1) & 93(n) (1978); Fed. R. Bankr. P. 302(e), 404(a) & 409(a) (1978).

The bankruptcy code provides for a meeting of creditors instead of a *first* meeting of creditors. It also prohibits the bankruptcy judge from being present at the meeting.[2] 11 U.S.C. § 341. In other respects, the law is essentially the same as before. The meeting may be continued by adjourning it to a later date. No additional written or electronic notice is required if the continuation is announced at the meeting of creditors. Fed. R. Bankr. P. 2003(e) [Interim]. The meeting must be concluded at some time. *In re DiGregorio*, 187 B.R. 273 (Bankr. N. D. Ill. 1995). After the meeting is concluded, the U. S. trustee may call a special meeting or a final meeting. Fed. R. Bankr. P. 2003(f), (g) [Interim]. Since the meeting can be continued, the date of the meeting is still an uncertain point for establishing a time period. The bankruptcy rules generally avoid this problem in the same way as under the earlier statutes and rules. They use the "first date set for the meeting of creditors." Rule 4003 is the exception. It uses the conclusion of the meeting of creditors, but the conclusion of the meeting should be easily determined in most cases. Fed. R. Bankr. P. 1017(e), 1019(1)(B), 2002(h), 3002(c), 4003(b), 4004(a) & 4007(c).

A 2005 law made extensive amendments to the bankruptcy code including several amendments setting new time periods. The amendments did not consistently use "the first date set for the meeting of creditors" so that the time period could be easily determined.

Section 521(a)(2)(B) does use "the first date set for the meeting of creditors." 11 U.S.C. § 521(a)(2)(B); Pub. L. 109-8, 119 Stat. 23, § 305 (Apr. 20, 2005). Section 521(e)(2)(A) uses an equivalent – "the date first set for the *first* meeting of creditors." 11 U.S.C. § 521(e)(2)(A); Pub. L. 109-8, 119 Stat. 23, § 315(b) (Apr. 20, 2005) (emphasis added). Section 1308(a) uses a different and longer equivalent – "the date on which the meeting of the creditors is first scheduled

---

[2] Prohibiting the judge from being present at the meeting of creditors was a major change in the law. 11 U.S.C. § 91(b) (1978); Fed. R. Bankr. P. 204(a) (1978); 11 U.S.C. § 341(c).

to be held." 11 U.S.C. § 1308(a); Pub. L. 109-8, 119 Stat. 23, § 716 (Apr. 20, 2005).

Other amendments enacted a variety of descriptions. Section 521(a)(6) uses "the first meeting of creditors." 11 U.S.C. § 521(a)(6); Pub. L. 109-8, 119 Stat. 23, § 304 (Apr. 20, 2005). Section 704(b)(1) uses "the date of the first meeting of creditors." 11 U.S.C. § 704(b)(1); Pub. L. 109-8, 119 Stat. 23, § 102(c) (Apr. 20, 2005). Section 1324(b) uses "the date of the meeting of creditors." Pub. L. 109-8, 119 Stat. 23, § 317 (Apr. 20, 2005).

An amendment to the statute setting out the duties of the U. S. trustee uses "the first meeting scheduled under section 341(a)." 28 U.S.C. § 586(a)(7); Pub. L. 109-8, 119 Stat. 23, § 439(4) (Apr. 20, 2005).

The 2005 law did not require most of the bankruptcy rules to change terminology. As a result, the interim bankruptcy rules drafted to work with the 2005 amendments generally use "the first date set for the meeting of creditors." Interim Rule 4003 is the exception again; it uses the conclusion of the meeting. Fed. R. Bankr. P. 1017(e) [Interim], 1019(1)(B) [Interim], 2002(h) [Interim], 3002(c) [Interim], 4003 [Interim], 4004(a) [Interim], & 4007(c) [Interim].

This brings the court back to the parties' arguments. The U. S. trustee argues that "first meeting of creditors" in § 704(b)(1) only means "meeting of creditors." The argument treats "first" as nothing more than an inadvertent use of outdated terminology that adds nothing to "meeting of creditors." The old terminology has not died out in the decades since the bankruptcy code took effect. Some parties still refer to the meeting of creditors as the first meeting. The U. S. trustee's argument also finds some support in § 521(e)(2)(A). It refers to the first date set for the "first" meeting of creditors. 11 U.S.C. § 521(e)(2)(A). If the second "first" is not simply redundant, the wording suggests that Congress used "first meeting" to mean "meeting." For the purpose of argument, the court assumes the U. S. trustee's argument is correct: "first meeting" in § 704(b)(1) only means "meeting." With this assumption, § 704(b)(1) sets a period of ten days after the "date of the meeting of creditors." The court must determine the meaning of "the date of the meeting of creditors."

The court has already mentioned a 2005 amendment to 28 U.S.C. § 586(a). It provides:

> (a) Each United States trustee . . . shall —
>
> . . .
>
> (7) in each of such small business cases–
>
> (A) conduct an initial debtor interview as soon as practicable after the date of the order for relief but before the first meeting scheduled under section 341(a) . . . .

28 U.S.C. § 586(a)(7); Pub. L. 109-8, 119 Stat. 23, § 439(4) (Apr. 20, 2005). In this statute, "the first meeting scheduled under section 341(a)" can easily be interpreted to mean the first scheduled meeting, the first time it will be called up for hearing. That should be equivalent to the first date set for the meeting of creditors. That interpretation fits with the duty imposed on the U. S. trustee by this amendment.

Section 1324(b) requires confirmation of a chapter 13 plan within a set period of time after the date of the meeting of creditors. In a chapter 13 case, this could mean the conclusion of the meeting of creditors. Plans are often amended at the meeting of creditors because the facts turn out to be different from the facts underlying the proposed plan or because an amendment can prevent a serious objection. 1 Keith M. Lundin, *Chapter 13 Bankruptcy* § 42.1 (3d ed. 2007). Likewise, the meeting of creditors may be continued to deal with these kinds of problems and other problems. Until the meeting is concluded, there may be no proposed chapter 13 plan that is ready for the court to confirm or not. Section 1324(b) apparently was not drafted with these considerations in mind. 6 Keith M. Lundin, *Chapter 13 Bankruptcy* § 502.1 (3d ed. 2007).

Of course, chapter 13 cases are much different from chapter 7 cases. Section 704(b) does not apply. 11 U.S.C. § 103(b). Section 707(b) applies only to the extent the disposable income test of chapter 13 incorporates the means test for certain debtors. 11 U.S.C. §§ 103(b) & 1325(b); *In re Spurgeon*, 378 B.R. 197 (Bankr. E. D. Tenn. 2007). In chapter 13 cases the U. S. trustee is

not required to file a statement that abuse should or should not be presumed and cannot file a motion to dismiss or convert on the ground of abuse under § 707(b)(2) or (3).

These two amendments still serve to make a point about the time limits established by the 2005 amendments. The amendments must be interpreted in context. What is the purpose of the time limit and how does it fit into the process set out or envisioned by the statutes?

The court disagrees with the U. S. trustee's argument that § 704(b)(1) should be interpreted as referring to the conclusion of the meeting of creditors. The U. S. trustee is correct in arguing that the date of the meeting of creditors will be reasonably certain if it means the date the meeting is concluded. But the date will be even more certain if it means the first date set for the meeting of creditors. That can be determined from the docket and the notices sent by the clerk's office. Fed. R. Bankr. P. 2002(a)(1) [Interim] & 2003.

Furthermore, the process set up by § 704(b) and other statutes is not consistent with delaying the start of the ten day period under § 704(b)(1) until the meeting of creditors is concluded. Section 704(b) is obviously intended to require the U. S. trustee to give the debtor and other interested parties notice early in the case as to whether abuse is presumed. The statute is also aimed at requiring the U. S. trustee to file a motion early in the case if he decides that abuse should be presumed. That process will hardly work if the statute allows the U. S. trustee to delay filing the statement of presumed abuse or not until ten days after the meeting of creditors is concluded.

Other courts have gone into more detail to explain how the court's interpretation of § 704(b)(1) fits with other bankruptcy statutes to form a coherent system. The court need not repeat their reasoning. *Turner v. Close (In re Close)*, 384 B.R. 856 (D. Kan. 2008); *In re Robertson*, 370 B.R. 804 (Bankr. D. Minn. 2007). The court concludes that § 704(b) allows the U. S. trustee ten days after the first date set for the meeting of creditors to file a statement of presumed abuse and 30 days after that to file a motion to dismiss on the ground of presumed abuse.

One court has concluded that failure to abide by these deadlines does not require dismissal of a U. S. trustee's motion under § 707( b)(2). *In re Cadwallder*, 2007 WL 1864154

(Bankr. S. D. Tex. Jun. 28, 2007). This court disagrees. Section 704(b) establishes a process with time limits; failure to follow the process prevents the U. S. trustee from obtaining dismissal on the ground of presumed abuse. Since the U. S. trustee's motion to dismiss was not filed before the deadline, the motion must be denied to the extent it relies on presumed abuse under § 707(b)(2). *Turner v. Close (In re Close)*, 384 B.R. 856 (D. Kan. 2008).

The U. S. trustee's motion also asks for dismissal under § 707(b)(3) on the ground that abuse is shown by the totality of the circumstances. 11 U.S.C. § 707(b)(3). The debtors argue that this part of the U. S. trustee's motion must also be denied because the motion was not filed within the 30 day time limit of § 704(b)(2).

The placement of the "if" clause at the end of § 704(b)(2) makes the purpose of the clause unclear. The best interpretation of § 704(b)(2) treats the "if" clause as if it were at the beginning of § 704(b)(2):

> (2) If the United States trustee . . . determines that the debtor's case should be presumed to be an abuse under section 707(b), and the product of the debtor's current monthly income, multiplied by 12 is not less than
>
> (A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner; or
>
> (B) in the case of a debtor in a household of 2 or more individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals,
>
> the United States trustee . . . shall, not later than 30 days after the date of filing a statement under paragraph (1), either file a motion to dismiss or convert under section 707(b) or file a statement setting forth the reasons the United States trustee . . . does not consider such a motion to be appropriate.

This interpretation makes the 30 day time limit apply only when the U. S. trustee determines the case should be presumed to be an abuse and the debtor meets one of the income conditions set out in § 704(b)(2)(A) and (B). Likewise, when § 704(b)(2) refers to a statement under paragraph (1), it necessarily means a statement of presumed abuse.

In this case the U. S. trustee's statement of presumed abuse begins by stating that

the U. S. trustee has determined that the debtors' case should be presumed to be an abuse and the debtor meets the income test of § 704(b)(2)(A) or (B). The statement goes on to say that the U. S. trustee has 30 days to file a motion to dismiss or convert under § 707(b) or a statement explaining the failure to file such a motion. In summary, the U. S. trustee's statement of presumed abuse essentially adopts the interpretation of § 704(b)(2) that puts the "if" clause at the beginning.[3]

The key question now is whether the 30 day time limit applies only to a motion based on presumed abuse. Section 704(b)(2) allows 30 days for filing a motion under § 707(b). The reference to § 707(b) appears to make the 30 day limit apply to any motion under § 707(b), including a motion under § 707(b)(3) based on abuse shown by the totality of the circumstances.

The structure of § 704(b)(2) does not easily allow that conclusion. The "if" clause makes the 30 day time limit apply only if the U. S. trustee determines the case should be presumed to be an abuse. This means that the reference in § 704(b)(2) to a statement filed under § 704(b)(1) means a statement of presumed abuse. When the U. S trustee files a statement that the case is not presumed to be an abuse, he cannot file a viable motion based on presumed abuse, but he is not subject to the 30 day deadline for filing a motion under § 707(b)(3) based on the totality of the circumstances. The court concludes that when § 704(b)(2) refers to § 707(b), it means § 707(b)(2); it clearly means a motion based on presumed abuse. Section 704(b)(2) does not set a deadline for filing a motion under § 707(b)(3) based on the totality of the circumstances even though it will also deal with the debtor's ability to pay. *See In re de Pelligrini*, 365 B.R. 830 (Bankr. S. D. Ohio 2007); *In re Byrne*, 376 B.R. 700 (Bankr. W. D. Ark. 2007); *In re Perrotta*, 378 B.R. 434 (Bankr. D. N. H. 2007).

Furthermore, § 707(b)(3) includes bad faith filing as a separate ground for finding

---

[3] Section 704(b)(1) and (b)(2) suffer from inconsistency. The income tests in (b)(2) are not in (b)(1), and they are also not part of the criteria for determining if the presumption arises. Theoretically, abuse can be presumed even if the debtor does not meet either income test in (b)(2), but that hardly seems worth the effort or what was intended. Other provisions limiting motions based on abuse also use different criteria. 11 U.S.C. § 707(b)(6), (7).

abuse. Since bad faith generally is not based on ability to pay, it does not make sense to impose the 30 day time limit on all possible motions under § 707(b)(3) whenever the U. S. trustee determines that the case should be presumed to be an abuse.

The court has considered whether the time limit can apply to any motion under § 707(b), including motions based on bad faith or the totality of the circumstances, when the U. S. trustee satisfies conditions of the "if" clause in § 704(b)(2) for filing a viable motion based on presumed abuse. The court will not go into its reasoning for rejecting this possible result. Suffice it to say that it would create an impractical system; it would raise many difficult questions with unclear answers. The better result is to hold that the time limits of § 704(b)(2) do not apply to a motion by the U. S. trustee under § 707(b)(3).

Since the 30 day time limit of § 704(b)(2) did not apply to the U. S. trustee's motion based on the totality of the circumstances, the deadline was set by Rule 1017(e) [Interim]. It establishes a general deadline of 60 days after the first date set for the meeting of creditors. This is the same deadline that was set by Rule 1017(e) long before the 2005 amendments. Fed. R. Bankr. P. 2005, Advisory Committee note to 1991 amendment & Advisory Committee note to 2000 amendment. Of course, Interim Rule 1017(e) recognizes changes to § 707 made by the 2005 amendments. In particular, parties other than the U. S. trustee can file a motion to dismiss or convert based on "abuse" instead of "substantial abuse." 11 U.S.C. § 707(b) (2005); 11 U.S.C. § 707(b)(1); Pub. L. 109-8, 119 Stat. 23, § 102 (Apr. 20, 2005). The drafters of Interim Rule 1017(e) wisely did not attempt to explain and incorporate into the rule the time limits imposed by § 704(b). Instead, the rule establishes a 60 day time limit except as provided in § 704(b). Since § 704(b) does not set a shorter time limit, the U. S. trustee had 60 days after the first date set for the meeting of creditors to file a motion based on the totality of the circumstances. The U. S. trustee filed his motion in this case within the 60 days allowed by the rule. The court's order will not deny the U. S. trustee's motion to the extent it relies on § 707(b)(3).

# # #